UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**EDGARDO COSME,**

        **Plaintiff,**

v.                                                Case No. 6:20-cv-1974-CEM-DCI

**CIRCLE K STORES, INC. and
LISA GILKEY,**

        **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Motion to Remand (Doc. 20). For the reasons set forth below, the Motion to Remand will be granted.

### I. BACKGROUND

In this personal injury case, Plaintiff alleges that he was visiting Defendant Circle K Stores, Inc.'s ("Circle K") gas station, when he tripped and fell on the "uneven, deteriorated pavement . . . while walking near a gas pump in the parking lot." (Compl., Doc. 1-4, at 2, 4). As a result of the fall, Plaintiff alleges that he "suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn

money, and aggravation of previously existing condition." (*Id.* at 4). Plaintiff further alleges that "[t]he losses are either permanent or continuing and Plaintiff will suffer the losses in the future." (*Id.*). Based on these alleged events, Plaintiff brought claims of negligence (Count I) and negligence per se (Count II) against Circle K. (*Id.* at 2, 5). Plaintiff also brought a claim of negligence against Defendant Lisa Gilkey, who Plaintiff alleges was an employee of Circle K on the date of the incident. (*Id.* at 6).

Circle K removed this case on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). (Notice of Removal, Doc. 1, at 2, 6 (discussing complete diversity and asserting that the amount in controversy exceeds the jurisdictional threshold under § 1332(a))). Plaintiff has now filed a motion to remand, arguing that Circle K has failed to establish complete diversity and sufficient amount in controversy.

## II.  LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), a district court shall have original jurisdiction where both "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the parties are "[c]itizens of different States."

"The burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Id.* at 411. Any doubt as to "jurisdiction should be resolved in favor of remand to state court." *Id.*

### III. ANALYSIS

#### A. Amount in Controversy

In the Notice of Removal (Doc. 1), Circle K relies only on the general categories of damages alleged in Plaintiff's Complaint along with Plaintiff's pre-removal Proposal for Settlement, which states that Plaintiff was willing to settle his claims against Circle K for $800,000. (*Id.* at 5–6). In responding to the Motion to Remand, Circle K supplemented the record. The critical piece of information attached to Circle K's Response is Plaintiff's post-removal Initial Disclosures (Doc. 21-4), which states that Plaintiff's "[p]ast medical bills/expenses from Plaintiff's medical providers" totaled "$121,900.81." (*Id.* at 6). Defendant contends that this admission is dispositive of the amount in controversy issue. However, it is not clear that the Court can consider this evidence.

The Court can consider post-removal evidence under certain circumstances, but "the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition [evidence is] allowable only if relevant to that period

of time." *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). This case was removed on October 23, 2020, (Doc. 1 at 7), but the date on the Initial Disclosures is February 4, 2020, (Doc. 21-4 at 7). Further, the Initial Disclosures do not provide any information as to when those medical expenses were incurred— before or after removal. (*Id.*). Circle K fails to provide any argument or legal authority for why a sum amount of medical expenses provided months after removal—with no indication as to when those expenses were incurred—can be considered evidence of the amount in controversy *at the time of removal*. Thus, the Court will not consider Plaintiff's Initial Disclosures. *See McCasland v. Pro Guard Coatings, Inc.*, No. 8:17-cv-990-T-27AEP, 2019 U.S. Dist. LEXIS 152242, at *6 n.4 (M.D. Fla. Sep. 5, 2019) (declining to consider medical expenses incurred after removal in determining the amount in controversy at the time of removal, citing *Sierminski*, 216 F.3d at 949); *U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (refusing to address a "perfunctory and underdeveloped argument" with no citation to legal authority and collecting cases).

Circle K also supplemented its Notice of Removal with a copy of Plaintiff's Proposal for Settlement (Doc. 21-3), which confirms Circle K's allegation that the proposal was to settle Plaintiff's claims for $800,000. (*Id.* at 3). But, the Proposal for Settlement contains no details of how Plaintiff came to that number or any justification for the amount. (*See generally id.*). In addition, Circle K filed an e-mail,

which supports its argument that Plaintiff declined to sign a stipulation stating that he is seeking less than $75,000 in damages. (*See generally* Feb. 8, 2021 E-mail, Doc. 21-5; *see also* Doc. 21 at 7 (explaining the circumstances surrounding the e-mail)).

The Court may consider a settlement offer made by a plaintiff in determining whether the amount in controversy for diversity jurisdiction is met. *See, e.g.*, *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (considering a plaintiff's settlement offer as "count[ing] for something" when assessing the amount in controversy); *Gehl v. Direct Transp., Ltd.*, No. 6:12-cv-1869-Orl-31DAB, 2013 WL 424300, at *3 (M.D. Fla. Feb. 4, 2013) ("A plaintiff's settlement demand or a plaintiff's response to a settlement offer is some evidence of the amount in controversy." (emphasis omitted)). However, "[s]ettlement offers do not automatically establish the amount in controversy for purposes of diversity jurisdiction. Instead, courts have analyzed whether demand letters merely 'reflect puffing and posturing,' or whether they provide 'specific information to support the plaintiff's claim for damages' and thus offer a 'reasonable assessment of the value of [the] claim.'" *Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, No. 3:10-cv-615-J-32JRK, 2010 U.S. Dist. LEXIS 143298, at *5 (M.D. Fla. Nov. 5, 2010) (quoting *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) and collecting cases).

Here, Plaintiff's Proposal for Settlement is lacking any detail—it merely states that Plaintiff will settle his claim for $800,000. In fact, neither Plaintiff's Proposal for Settlement nor Plaintiff's Complaint provide any detail as to what specific injuries Plaintiff suffered or the treatment required for those injuries. The Court cannot possibly conclude that the amount in controversy is met based on such a barebones settlement demand. *See Seoanes v. Cap. One Bank (USA) N.A.*, No. 6:13-cv-1568-Orl-37GJK, 2013 U.S. Dist. LEXIS 170977, at *6 (M.D. Fla. Dec. 4, 2013) ("Plaintiff's bare-boned, unspecific settlement offer is entitled to little weight in the Court's amount-in-controversy calculation."). The same is true for Plaintiff declining to stipulate to damages under $75,000. "There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [a defendant's] burden of proof on the jurisdictional issue." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001).

The only information before the Court with regard to the amount in controversy at the time of removal is an entirely unsupported and undetailed settlement demand and a refusal to stipulate that the amount in controversy is less than $75,000. This is simply not enough to meet Circle K's burden. *See Blaney v. Hospitality*, No. 8:17-cv-1542-T-36JSS, 2017 U.S. Dist. LEXIS 231093, at *16–19 (M.D. Fla. Aug. 7, 2017) (coming to the same conclusion under similar circumstances and distinguishing numerous cases where there was more information

before the court). Because Circle K has not met its burden, this case must be remanded.

### B. Attorney's Fees

Plaintiff moves for attorney's fees incurred as a result of the improper removal of this action. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding a removed case back to state court may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F. App'x 888, 890 (11th Cir. 2011) (quotation omitted). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). Here, Plaintiff only asserts that Circle K's removal was "completely unsupported and without merit." (Doc. 20 at 13). This conclusory statement does not establish that Circle K had no objectively reasonable basis for seeking removal. Therefore, Plaintiff's request for attorney's fees and costs will be denied.

### IV. CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion to Remand (Doc. 20) is **GRANTED in part** and **DENIED in part**.

    a. Plaintiff's request to remand this case is **GRANTED**.

    b. Plaintiff's request for attorney's fees is **DENIED**.

2. This case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case Number 2020-CA-5852-O. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on October 15, 2021.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida